UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JONATHAN C.,

        Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

22-CV-00839-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 11)

Plaintiff Jonathan C.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits, pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 7) is granted, and defendant's motion (Dkt. No. 8) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

**BACKGROUND**[2]

Plaintiff filed for DIB and SSI on May 27, 2020, with an alleged onset date of December 3, 2019. (Administrative Transcript ["Tr."] 15, 265-76). The application was initially denied on October 9, 2020, (Tr. 15, 76-77, 146-56), and upon reconsideration on January 15, 2021. (Tr. 15, 100-01). Plaintiff filed a written request for a hearing on January 22, 2021. (Tr. 176-92). On September 30, 2021, Administrative Law Judge ("ALJ") Stephen Cordovani held a telephone hearing at which Plaintiff participated, along with his counsel. (Tr. 34-75). A vocational expert also testified. The ALJ issued an unfavorable decision on December 28, 2021. (Tr. 12-33). The Appeals Council ("AC") denied review. (Tr. 1-6). This case followed.

**DISCUSSION**

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

§§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is

not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III.  *The ALJ's Decision*

Preliminarily, the ALJ found Plaintiff's last date insured to be December 31, 2024. (Tr. 18). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 3, 2019, the alleged onset date. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: depression; anxiety; bipolar disorder; post-traumatic stress disorder; and alcohol/substance use disorders. (Tr. 18). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-20). After step three, but prior to step four, the ALJ found Plaintiff to have the RFC to perform a full range of work at all exertional levels, but with certain nonexertional limitations, including only "occasional interaction with supervisors, co-workers, and the general-public." (Tr. 20). At step four, the ALJ found that Plaintiff could not perform his past relevant work. (Tr. 26). At step five, the ALJ found that other work existed in significant numbers in the national economy that Plaintiff could perform. (Tr.27-28). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 28).

IV.  *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded because the ALJ failed to explain adequately why he found the opinions of State agency consultants, Dr. H. Tzetzo, M.D., and Dr. J. May, Ph.D., persuasive, yet did not adopt their opined limitation that Plaintiff could have only "brief and superficial contact with supervisors, coworkers, and the public." (Tr. 84).  Instead, the ALJ found that Plaintiff could have "occasional interaction" with supervisors, coworkers, and the public.  The Court agrees with the Plaintiff that this was error and that the case must be remanded.

Courts have held that "occasional interaction" and "brief and superficial contact" are not the same. *See Jackson v. Comm'r of Soc. Sec.*, No. 16-cv-6183 (KAM), 2019 WL 7283518, at *7 (E.D.N.Y. Dec. 27, 2019) (despite affording examining physician's opinion "great weight" the ALJ failed to incorporate opinion that claimant only capable of brief and superficial contact with others in her RFC determination, instead finding claimant capable of "occasional contact"); *Joann A.D. v. Saul,* No. 3:19-CV-1198 (AVC), 2021 WL 6337747, at *12 (D. Conn. Apr. 28, 2021)(occasional limitations and no work on teams with coworkers was inconsistent with "brief and superficial" interactions in an opinion given great weight"). Occasional interaction is a higher level of interaction than brief and superficial. *Jackson v. Comm'r of Soc. Sec.,* 2019 WL 7283518, at *7.[3]

Claimants in Social Security proceedings are entitled to know why evidence that was favorable to their claim was disregarded. *See Dioguardi v. Comm'r of Soc. Sec.,* 445 F. Supp. 2d 288, 298 (W.D.N.Y. 2006).  When the ALJ adopts only portions of an opinion,

---

[3] Defendant cites to cases in this District holding the opposite.  However, this Court finds the reasoning in *Jackson* and *Joann A.D.* to be more persuasive.  "Occasional" means one-third of the time, while "brief and superficial" would seem to mean a much shorter time and contact of a much different nature.

he or she must explain why he or she rejected others. *See Donald S. v. Comm'r of Soc. Sec.,* No. 20-CV-01292-MJR, 2022 WL 1302131, at *4 (W.D.N.Y. May 2, 2022) ("[w]hen an ALJ adopts only parts of a medical opinion, he must explain why the other parts were rejected"); *see also Renee S. v. Comm'r of Soc. Sec.,* No. 20-CV-1546S, 2022 WL 2841916, at *4 (W.D.N.Y. July 21, 2022)(an ALJ "is not precluded from crediting only portions of a medical opinion but must explain why a medical opinion was not adopted if the RFC assessment conflicts with it"); *Jessica P. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1328-LJV, 2022 WL 2160234, at *4 (W.D.N.Y. June 15, 2022)(while an ALJ is not required to include every part of an opinion, he is obligated to "say what parts he accepted, what parts he rejected, and why").

Here, the ALJ offers no reason as to why he adopted the opinions of Drs. Tzetzo and May, yet rejected their limitation that Plaintiff have only brief and superficial contact with supervisors, coworkers and the public. This was error and the case must be remanded for further explanation so that this Court can conduct a meaningful review.[4]

---

[4] Plaintiff also argues that remand is required because the ALJ failed in his duty to develop the record by not making further efforts to obtain all of Plaintiff's medical records from Horizons Health Services, Plaintiff's primary treatment provider. The Court agrees. On remand, the ALJ shall take all steps necessary to obtain such records, including subpoenaing them, if necessary.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is granted and defendant's motion for judgment on the pleadings (Dkt. No.8) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   August 5, 2025
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge